UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>vs.<br><br>**CYNTHIA L. MARSHALL**<br><br>**Defendant** | **CIVIL NO.** |

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Michael McKeever of GOLDBECK MCCAFFERTY & MCKEEVER, represents as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2. The last-known address of the Defendant, CYNTHIA L. MARSHALL ("Defendant") is 1308 Parkview Dr, Clearfield, PA 16830.

3. On or about July 10, 2003, at the special instance and request of CYNTHIA L. MARSHALL, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendant the sum of $59,000.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4. As evidence of the indebtedness, Defendant executed and delivered to the Plaintiff, a Promissory Note dated July 10, 2003 in the amount of $59,000.00. A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5. Defendant, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about July 10, 2003, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on July 10, 2003 with the Office of the Recorder of Deeds, Clearfield County, Pennsylvania, in Instrument # 200312121. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6. Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7. The property secured by the Mortgage is known as 1308 Parkview Dr Clearfield, PA 16830 and is more fully described in the legal description attached and incorporated as Exhibit "C" ("Property"). The property subject to foreclosure is within the jurisdiction of this Court.

8. The Note and Mortgage are in default as Defendant has failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

9. Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

10. The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $55,059.65 |
| Interest from 08/10/2008 to 10/20/2009 at 5.7500% | $3,781.78 |
| Attorney's Fee at 5.0% of Principal Balance | $2,752.98 |
| Interest Recapture | $6,108.48 |
| Late Charges | $66.55 |
| Costs of suit and Title Search | $900.00 |
| | $68,669.44 |
| Escrow / Impound Required | + $682.97 |
| Fees Required w/ Payoff Funds | + $11.48 |
| Fees Currently Assessed | + $603.18 |
| | $69,967.07 |

11. Plaintiff mailed to Defendant a Notice of Intention to Foreclose by certified mail, to their last-known address on the date shown on the copy of the Notice attached and incorporated as Exhibit "D" ("Notice").

12. No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred. Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows: Defendant and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such

money applicable thereto will pay the same; the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

                            United States of America by and through
its specially assigned counsel
Goldbeck McCafferty & McKeever

By: /s/ Michael McKeever
Michael McKeever
Mellon Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)627-1322
(215)627-7734
MMCKEEVER@GOLDBECKLAW.COM